IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| STEPHEN A. WIGGINS, SR.,<br><br>Plaintiff,<br><br>vs.<br><br>WEEKLEY HOMES, L.P., d/b/a<br>DAVID WEEKLEY HOMES, and<br>COOPER WIRING DEVICES, INC.,<br><br>Defendants. | |
| WEEKLEY HOMES, L.P., d/b/a<br>DAVID WEEKLEY HOMES,<br><br>Third-Party Plaintiff,<br><br>vs.<br><br>ATLANTA LANEHART ELECTRIC<br>CO., INC.,<br><br>Third-Party Defendant. | CIVIL ACTION FILE<br>NO.: 1:10-cv-01335-WBH |

**DEFENDANT COOPER WIRING DEVICES, INC.'S
REPLY BRIEF IN SUPPORT OF ITS MOTION FOR PARTIAL
SUMMARY JUDGMENT**

COMES NOW, Defendant Cooper Wiring Devices, Inc. and files its Reply Brief to the Response of Plaintiffs' Brief in opposition to the Motion for Partial Summary Judgment.

I. **PLAINTIFFS' PRODUCTS LIABILTY CLAIMS FOR DAMAGE TO THEIR REALTY ACCRUED UPON SUBSTANTIAL COMPLETION OF THEIR HOME NOT ON THE DATE OF THE OCCURRENCE**

Plaintiffs do not dispute that the statute of limitations applicable to their realty claims is the four-year statute of limitation set forth by O.C.G.A. § 9-3-30(a). (Response Brief, pg. 5). Plaintiffs, however, urge this Court to find that the right of action for claims for damages to real property caused by purportedly defective products incorporated into the construction of the property, do not accrue at the point of substantial completion but rather on the date the fire. (Plaintiffs' Response Brief, pp. 5 – 15). There is no support for Plaintiffs' position under Georgia law.

When allegedly defective products are installed and/or incorporated into realty during initial construction, the right of action for damage to realty accrues upon substantial completion of construction. *Stamschror v. Allstate Ins. Co.*, 267 Ga. App. 692, 600 S.E.2d 751 (2004) (holding that right of action for damage to realty occurring as result of a fire attributed to the installation of the electrical

system in the house accrued at the time of substantial completion, not when the fire occurred).

Plaintiffs appear to concede the holding in *Stamshror*, however, they contend that their cause of action for damage to realty should accrue on the date of the fire because that was the first day they could have maintained an action to recover such damages. Plaintiffs cite the case of *Travis Pruett & Assoc. v. Bowling*, 238 Ga. App. 225, 518 S.E.2d 453 (1999)[1] to support this position. This case only highlights the fact that the time of construction/substantial completion is the date the right of action accrues. As the court in *Travis Pruett & Assoc.* provided:

> The rule that a cause of action for a design defect accrues at the time of construction is based on the rationale that the *defect gives rise to immediately ascertainable damages to the owner; thus, a cause of action could be successfully maintained by the owner of defectively designed property at that time*, when some damage first occurs.

*Travis Pruitt & Associates, P.C. v. Bowling* 238 Ga.App. 225, 226, 518 S.E.2d 453, 454 (1999) (emphasis added).

Accordingly, assuming *arguendo* that the subject GFCI was defective, "some damage " would have first occurred during construction of the home at the

---

[1] The *Travis Pruett & Assoc.* case is further inapplicable as it concerned damage to the plaintiff's property occurring as a result of negligent construction on a third-party's property. 238 Ga. App. 225, 518 S.E.2d 453. That is not the case in the instant action.

801828-1                                         3

moment the GFCI was incorporated into the home's electrical system and made part of the realty. Therefore, since Plaintiffs could have first maintained an action for damages immediately after closing, their cause of action for same accrued upon substantial completion of the home. The date of substantial completion, at the latest, was October 23, 2003. (See Joint Stipulation of Undisputed Facts, ¶ ¶ 5 - 6). Because Plaintiffs did not file suit for any damage to their realty until February 9, 2010, more than six and a half years from the date of substantial completion, all such claims are barred by O.C.G.A. § 9-3-30.

It must be also pointed out that this is not a case where the damage of which Plaintiffs complain occurred outside of the limitations period. The date of the fire that damaged Plaintiffs' realty was February 10, 2006. Plaintiffs closed on their home on October 23, 2003. The parties have stipulated that the home was substantially complete at that time. (Joint Stipulation of Undisputed Facts,¶ 4). Therefore, the statute of limitations on Plaintiffs' claims for damage to their realty did not expire until October 23, 2007, four years from the date of substantial completion. Consequently, Plaintiffs had more than a year and a half *after the fire occurred* in which to bring suit for such damages. Instead, Plaintiffs waited three years and three hundred sixty-four days from the date of the fire to file suit. Accordingly, any suggestion by Plaintiffs that applying the date of substantial

completion as the date of accrual of their right of action, as is proper and mandated under Georgia law, somehow produces an inequitable result in this case is unfounded.

  A. <u>The *Monroe, Garrett* and *Tensar Earth Technologies, Inc.* cases are distinguishable.</u>

The Plaintiffs have correctly pointed out in their Response that the dispositive issue with respect to the instant motion is a determination of the date that Plaintiffs' cause of action for real property damage accrued. The cases of *Monroe v. Savannah Elec. and Power Co.*, 267 Ga. 26, 471 S.E.2d 854 (1996); *Garrett v. Panacon Elec.*, 130 Ga. App. 641, 204 S.E.2d 354 (1974); and *Tensar Earth Technologies, Inc. v. City of Atlanta*, 267 Ga. App. 45, 589 S.E.2d 815 (2004), cited by Plaintiffs, are not on point and are distinguishable.

In *Monroe v. Savannah Elec. and Power Co.*, the deceased died when the boat he was towing contacted overhead power lines. The court held that electricity was a product within the meaning of the strict products liability statute.

In *Garrett v. Panacon Elec.*, the Plaintiff slipped and fell on a wet floor caused by defective roofing material manufactured by the defendant. The court held that in this 1974 decision, the complaint stated a cause of action under the statute relating to products liability for the personal injuries sustained by the Plaintiff. There was no claim made for damage to any realty.

In *Tensar Earth Technologies, Inc. v. City of Atlanta*, the deceased drowned in a crater caused by a defective sewer constructed by the city and designed by an engineering firm. The court held that the reinforcing safety net installed above the defective sewer was a product and the Plaintiff Estate could proceed with its wrongful death claim. Again, there was no claim made for damage to any realty.

None of these cases discuss or even mention the accrual of a plaintiff's right of action for damage to realty. Instead they reference personal injuries. These cases simply consider the issue of whether particular items are "products" within the purview of Georgia's products liability statute. They all involve personal injury/death caused by defective products. That is not an issue before this Court. Accordingly, the cases have no application to the instant Motion.

    B.    <u>The cases cited by Cooper providing that a right of action for damage to realty caused by a product incorporated into the realty during initial construction accrues at substantial completion of construction are dispositive</u>

Plaintiffs attempt to distinguish *Corp. of Mercer University v. National Gypsum Co.*, 258 Ga. 365, 366, 368 S.E. 2d 732 (1988); *Mitchell v. Contractors Specialty Supply, Inc.*, 247 Ga. App. 628, 544 S.E. 2d 533 (2001); *Gropper v. STO Corp.*, 250 Ga. App. 820, 552 S.E. 2d 118 (2001) cited by Cooper, fail. The damage to the realty in those cases occurred immediately upon installation of the products at issue into the realty i.e. asbestos containing products in *Corp. of*

*Mercer University,* the stucco products in *Mitchell* and *Gropper,* and the allegedly defective GFCI at issue in the case at bar. Those cases, just like the case at bar, involved the installation of manufactured products into the realty at the time of construction. Accordingly, such cases are directly applicable to the case at bar and are dispositive of Plaintiffs' claims.

Damage to realty, in the form of reduced market value and the cost to repair, occurs upon the installation and incorporation of a defective product into such realty and as was pointed out earlier in this Reply Brief, the GFCI device was installed during initial construction and therefore, the "date of substantial completion" would have been October 23, 2007, which was four years from the date of closing. The date of the fire that damaged the realty was February 10, 2006. Plaintiffs could have filed suit at any time from the date of the fire loss up to October 23, 2007, a period of almost a year and a half.

Additionally, Plaintiffs contend that Cooper's Brief misstates the Georgia Court of Appeals' holding in *Kemp v. Bel -View, Inc.*, 179 Ga.App. 577, 578, 346 S.E.2d 923, 925 (1986)[2]. Plaintiffs attempt to distinguish *Kemp* from the case at

---

[2]   Plaintiffs also argue that Kemp is inapplicable because it allegedly does not address the Georgia Product Liability Statute. (Response Brief, p. 12, fn. 3). They

bar by stating that they, unlike the plaintiffs in *Kemp,* are not complaining of damages due to a reduction in market value of their home, but are complaining of damages that occurred at the time of the fire. (*Id.* at pg. 12). As set forth in *Travis Pruitt & Associates, P.C. v. Bowling, supra,* however, Plaintiffs' cause of action accrued when they first suffered any damage to their realty.

 Momentarily assuming that the subject GFCI in the case at bar was defective, Plaintiffs first suffered "some damages" to their home due to the defect when the product was installed and incorporated into the realty during initial construction. *See Kemp, supra.; See also, Stamschror v. Allstate Ins. Co.*, 267 Ga. App. 692, 600 S.E.2d 751 (2004) (holding that right of action for damage to realty <u>occurring as result of a fire</u> and attributed to the installation of electrical system in the house accrued at the time of substantial completion, not when the fire

---

are incorrect. The court clearly contemplated Georgia products liability law in reaching its decision. As the Court held:

> An action for damage to realty must be brought within four years after the right of action accrues. OCGA § 9-3-30. Whether count one is construed as a claim for breach of contract, **breach of implied warranty, negligence, or strict liability**, it is governed by a four-year limitation for filing suit.

*Kemp v. Bell-View, Inc.*, 179 Ga.App. 577, 578, 346 S.E.2d 923, 925 (1986) (emphasis added).

801828-1   8

occurred).  Like *Stamschror*, it is immaterial, in the case at bar, that Plaintiffs did not discover the defect until the fire.  It is immaterial that the most significant property damage occurred at the time of the fire.  The critical moment in time is when the GFCI device changed character from a product to that of an intregal part of the realty. As a matter of Georgia law, in cases involving allegations of damage to realty caused by defective products incorporated into the realty in initial construction, the critical time period the court's consider is the time of substantial completion.  *See Kemp, supra; Stamschror, supra.*

II.  **APPLICATION OF THE LIMITATIONS PERIOD MANDATED IN THIS MATTER BY O.C.G.A. § 9-3-30 DOES NOT RENDER THE TEN-YEAR PRODUCTS LIABILTY STATUTE OF REPOSE MEANINGLESS**

Additionally, Plaintiffs contend that applying the four year statute of limitations for damage to realty set forth in O.C.G.A. § 9-11-30 to product liability actions based upon defective materials incorporated into a building during initial construction, would render the 10-year products liability statute of repose meaningless.  This argument has been considered and rejected by Georgia courts.  In *Armstrong v. Royal Lakes Associates, L.P.*, the Georgia Court of Appeals noted the following:

> We have previously rejected the contention that *Mercer*, which requires that an action for damage to realty be brought within four years of substantial completion, does not apply to a case in which a

> statute of ultimate repose is applicable. The purpose of the statute of repose is to impose an outside limit on the bringing of lawsuits which are otherwise brought within the applicable statutory period after the action has accrued.

*Armstrong v. Royal Lakes Associates, L.P.*, 232 Ga.App. 643, 645, 502 S.E.2d 758, 760 (1998). *See also Hanna v. McWilliams,* 213 Ga.App. 648, 650(2)(a), 446 S.E.2d 741 (1994) ("[t]he discovery rule no longer applies to suits merely for real property damage; this is true whether a statute of repose exists"); *Ft. Oglethorpe Assoc. II, Ltd. v. Hails Constr. Co. of Ga.,* 196 Ga.App. 663, 665(3), 396 S.E.2d 585 (1990) ("[w]e reject plaintiff's argument that the *Mercer* case does not apply to a case, such as this one, where a statute of repose applies").

Plaintiffs argue that if the statute of limitations for damage to realty is applied in this case from the date of substantial completion, then no product liability plaintiff bringing a claim for damage to real property caused by a defective product placed in a building would have more than 4 years to assert a cause of action for such property damage, regardless of the language in the products liability statute of repose. Plaintiffs are correct in taking this position and they are precluded as a matter of law from bringing an action for the damage to the realty. However, since the Plaintiffs are seeking to assert an additional claim for damage to personal property, the critical date is the date of occurrence and they may assert

801828-1                                          10

this limited claim. That is why this Defendant filed a Partial Motion for Summary Judgment that a full and complete Motion for Summary Judgment.

In summary, if a building product has been installed and incorporated into the home, it becomes a part of the realty and the statute of repose does not rescue a claimant who waits longer than four years to file their lawsuit. However, if the claim involves personal property, the claim can and will survive. For products that have been installed and become part of the realty, for damage to the realty, the trigger point for bringing a lawsuit is the date of substantial completion; for damage to personalty, the trigger point is the date of the occurrence.

Statutes of repose set forth a limited time period in which a cause of action may accrue. *Esener v. Kinsey*, 240 Ga.App. 21, 22, 522 S.E.2d 522, 524 (1999). On the other hand, "a statute of limitation is a procedural rule limiting the time in which a party may bring an action for a right which has already accrued." Accordingly, the products liability statute of repose remains in full force and effect and is unaffected by the application of the appropriate limitations period set forth in O.C.G.A.§ 9-11-30 to the case at bar.

### III. CONCLUSION

Plaintiffs have failed to raise a disputed issue of material fact that demonstrates that Cooper is not entitled to judgment as a matter of law.  The

undisputed facts in this case establish that Plaintiffs' cause of action for their damage to realty claim accrued upon substantial completion of their home which occurred at the latest on October 27, 2003. (Joint Stipulation of Undisputed Facts, ¶ 5). Accordingly, the statute of limitations for Plaintiffs' real property damage claims expired on or about October 27, 2007. As Plaintiffs failed to file suit within that period, Cooper is entitled to summary judgment as to any and all causes of action for damage to realty asserted in this action.

This 16th day of September, 2010.

/s/ Steven J. Kyle
Steven J. Kyle
Georgia Bar No. 430700
Eric M. Jenniges
Georgia Bar No. 222426
David A. Harris
Georgia Bar No. 668708
*Attorneys for Cooper Wiring Devices, Inc.*

**BOVIS, KYLE & BURCH, LLC**
200 Ashford Center North, Suite 500
Atlanta, GA 30338-2668
Phone:     770-391-9100
Fax:   770-668-0878
E-Mail:     kyle@boviskyle.com
            emj@boviskyle.com
            dah@boviskyle.com

## CERTIFICATE OF SERVICE AND COMPLIANCE

This is to certify that I have this day electronically filed the within and foregoing **_Reply Brief in Support of Partial Summary Judgment_** in the above-styled case with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

John C. Amabile, Esq.
Eric D. Miller, Esq.
Matthew P. Bonham, Esq.
Grant B. Smith, Esq.

I hereby certify that this pleading was prepared using Times New Roman 14-point font and complies with the requirements of the Local Rules of this Court.

Respectfully submitted this 16th day of September, 2010

/s/ Steven J. Kyle
Steven J. Kyle
Georgia Bar No. 430700
Eric M. Jenniges
Georgia Bar No. 222426
David A. Harris
Georgia Bar No. 668708
*Attorneys for Cooper Wiring Devices, Inc.*

**BOVIS, KYLE & BURCH, LLC**
200 Ashford Center North, Suite 500
Atlanta, GA 30338-2668
Phone:   770-391-9100
Fax:   770-668-0878
E-Mail:   kyle@boviskyle.com
   emj@boviskyle.com
   dah@boviskyle.com