# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

STEPHEN WIGGINS, SR.,         :
     Plaintiff,               :
                              :     CIVIL ACTION NO.
     v.                       :     1:10-CV-1335-AT
                              :
WEEKLEY HOMES, L.P., et al.,     :
     Defendants.            :
                              :
                              :

## ORDER

     This matter is before the court on two motions for partial summary judgment. For the reasons set forth below, Defendant Cooper Wiring Devices, Inc.'s motion [Doc. 32] and Third-Party Defendant Atlanta Lanehart Electric Co., Inc.'s motion [Doc. 49] are hereby **GRANTED**.

## Background

     This is a subrogation action arising out of a fire at the home of Plaintiff Stephen A. Wiggins, Sr. Except as otherwise indicated, the following facts are derived from the parties' Joint Stipulation of Undisputed Facts.

     Plaintiff entered into an agreement with Defendant Weekley Homes, L.P. d/b/a David Weekley Homes (hereinafter "Weekley Homes") for the purchase and construction of a home. Construction of the home was substantially complete on

October 27, 2003, the day Plaintiff took title to the home. For purposes of these motions, the parties stipulate that Defendant Cooper Wiring Devices, Inc. ("Cooper") manufactured a ground fault circuit interrupter ("GFCI") receptacle that was installed during construction of the home.

On February 10, 2006, a fire occurred at the home. Plaintiff's insurer paid Plaintiff for the cost to repair damage to the home, for the loss of use of the home during the period of repair and restoration, and for the loss or damage of personal property as a result of the fire.

On February 9, 2010, Plaintiff's insurer filed this subrogation action against Weekley Homes and Cooper alleging that the GFCI receptacle installed during construction caused the fire and seeking recovery of the amounts paid to Plaintiff.

On May 24, 2010, Weekley Homes filed a third-party action against Atlanta Lanehart Electric, Co., Inc. ("ALEC") for indemnity and contribution. In its complaint, Weekley Homes alleged that ALEC contracted to provide all labor and materials required for installation of the electrical system. This included the allegedly defective GFCI receptacle.

This court directed all parties to arbitration, and this case was administratively closed on September 30, 2010. Defendant Cooper and Third-Party Defendant ALEC opted out of arbitration, and on January 31, 2011, this court reopened the matter as to

Plaintiff's claims against Cooper and Weekley Homes's third-party claim against ALEC. Cooper's motion for partial summary judgment was reinstated, and ALEC filed a similar motion on February 24, 2011. In its response brief, Weekley Homes encourages this court to review and reconsider the January 31, 2011 order re-opening the case as to ALEC. However, as no party filed a timely motion for reconsideration, Weekley Homes's suggestion is not properly before this court.[1]

Thus, pending before this court are Defendant Cooper's and Third-Party Defendant ALEC's motions for partial summary judgment.

## Discussion

## I. Summary Judgment Standard

Summary judgment is proper when no genuine issues of material fact are present and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The parties have stipulated to all relevant facts in their Joint Stipulation of Undisputed Facts. In his Statement of Additional Material Facts Which Present a Genuine Issue for Trial, Plaintiff submits that there are no additional material facts to present which the court will need in order to issue its ruling on Defendant Cooper's

---

[1]     Pursuant to Local Rule 7.2, a motion for reconsideration shall be filed within twenty-eight days after entry of the order or judgment. N.D. Ga. Local R. 7.2(E) (2001). Weekley Homes did not file a motion for reconsideration within twenty-eight days from the January 31, 2011 order it wishes this court to reconsider.

3

motion for partial summary judgment. This court is thus considering a purely legal issue.

## II. Defendant Cooper's Motion for Partial Summary Judgment

### A. Overview

Defendant Cooper moves for partial summary judgment as to Plaintiff's claims for damage to realty.[2] Pursuant to O.C.G.A. § 9-3-30(a), "all actions for injury to realty must be brought within four years after the right of action accrues."[3] Under this statute, where the claim arises out of the initial construction of realty, the general rule is that a cause of action accrues at the time of substantial completion of the property. Corp. of Mercer Univ. v. Nat'l Gypsum Co., 368 S.E.2d 732 (Ga. 1988) ("An action under O.C.G.A. § 9-3-30 must be brought within four years of substantial completion."); Stamschror v. Allstate Ins. Co., 600 S.E.2d 751 (Ga. App. 2004) (granting summary judgment to defendant on all claims for damage to real property

---

[2]     Defendant Cooper recognizes that Plaintiff has viable claims for damage to personal property. Def. Cooper's Reply Br. 10–11. (Doc. 36.) Indeed, under the four-year statute of limitations of O.C.G.A. § 9-3-31, Plaintiff's cause of action for damage to personal property accrued on the date of the fire. See Stamschror v. Allstate Ins. Co., 600 S.E.2d 751 (Ga. App. 2004) (dismissing suit against a subcontractor alleging negligent installation of electrical wiring in a house as to claims for damage to realty, but holding that such suit survives as to claims for damage to personal property). Plaintiff filed suit within four years from this date, and thus is not time-barred as to claims for damage to personal property.

[3]     The parties agree that O.C.G.A. § 9-3-30 is the appropriate statute of limitations for claims for damage to real property.

AO 72A
(Rev.8/82)

allegedly caused by negligent installation of electrical wiring because the suit was brought more than four years from the date of substantial completion); Kemp v. Bell-View, Inc., 346 S.E.2d 923 (Ga. App. 1986) (holding products liability cause of action accrues at time of substantial completion of home where allegedly defective windows were part of initial construction).

The parties stipulate that initial construction of Plaintiff's home was substantially complete on October 27, 2003, when Plaintiff took title to the property. Thus, the statute of limitations for a cause of action for damage to realty would have expired on October 27, 2007. Plaintiff filed his claim after this date. Therefore, absent some exception to Georgia's general rule of substantial completion, Plaintiff's claims against Cooper for damage to realty are time-barred.

## B. **Plaintiff's Invitation to Expand on Georgia Law**

Plaintiff essentially invites this court to carve out an exception to Georgia's "substantial completion" rule: where damage to realty is caused by a defective product installed during initial construction, a cause of action under O.C.G.A. § 9-3-30 accrues at the time the damage occurs and not the time of substantial completion.[4] Georgia

---

[4] Plaintiff accepts that any claim for damage to realty caused by negligent installation accrues at the point of substantial completion. Pl's Resp. Br. 6. (Doc. 33.); see also Stamschror, 600 S.E.2d 751. However, Plaintiff's two claims against Defendant Cooper sound in products liability. See Compl. Counts III–IV, ¶¶ 18–23.

AO 72A
(Rev.8/82)

courts have previously rejected Plaintiff's reasoning and, to the extent Plaintiff

distinguishes his position, this court finds no indication that Georgia courts would do

the same.

## 1. No Exception for Products Liability Claims

Georgia courts have rejected Plaintiff's argument to the extent Plaintiff suggests

that an exception to the substantial completion rule is warranted for products liability

cases.[5]  See Kemp v. Bell-View, Inc., 346 S.E.2d 923 (Ga. App. 1986).  In Kemp,

plaintiffs sued the manufacturer of windows that were installed in their home during

its construction.  Id. at 924.  The plaintiffs were barred from any claim that the

---

[5]      Plaintiff correctly notes that a products liability claim under O.C.G.A. §
51-1-11(b)(1) is cognizable even where the allegedly defective product becomes
affixed to realty.  See Garrett v. Panacon Corp., 204 S.E.2d 354 (Ga. App. 1974).
However, whether the GFCI receptacle is personal property or a real estate fixture is
irrelevant for purposes of O.C.G.A. § 9-3-30.  See Kemp, 346 S.E.2d 923 (claim for
damage to realty based on a defective window time-barred by O.C.G.A. § 9-3-30).
Garrett does not suggest that products should be treated any differently from fixtures
with respect to O.C.G.A. § 9-3-30.  Indeed, Garrett did not involve claims for damage
to realty at all.  That a products liability claim for damage to realty is treated just like
any other claim for damage to realty is merely a result of the anomalous legal
"patchwork of certain hurdles and uncertain remedies" in Georgia's products liability
law.  Garrett, 204 S.E.2d at 357.
         Furthermore, as Plaintiff explained, the distinction between product and
fixture is not one the Georgia Court of Appeals wishes to be dispositive in torts cases.
See id. ("[W]e decline to add yet another issue of mixed law and fact [to products
liability claims], namely, whether or not the defective item has been or has not been
incorporated into the realty.").  The exception Plaintiff asserts would do just that in
the instant case.

AO 72A
(Rev.8/82)

windows damaged their real property because they waited more than four years from the time of substantial completion of construction to file suit. Id. at 925; see also Mitchell v. Contractors Specialty Supply, Inc., 544 S.E.2d 533 (Ga. App. 2001) (applying O.C.G.A. § 9-3-30 to bar strict products liability claims under O.C.G.A. § 51-1-11(b)(1) because the claims for damage to realty were brought more than four years from the time of substantial completion of the home); Corp. of Mercer Univ., 368 S.E.2d 732 (holding cause of action for damage to realty accrues at the time of substantial completion of construction, and the "discovery rule" does not apply).

Furthermore, Kemp is consistent with Georgia's anomalous rule that the statute of limitations is triggered by the nature of the injury not the nature of the cause of action. Just as the Georgia Supreme Court reasoned as to an analogous statute for injuries to the person, "[b]y its very language, the scope of application of this statute of limitations is determined by the nature of the injury sustained rather than the legal theory underlying the claim for relief." Daniel v. Am. Optical Corp., 304 S.E.2d 383, 385 (Ga. 1983) (citing O.C.G.A. § 9-3-33).[6] This is true for claims for damage to realty under O.C.G.A. § 9-3-30 whether the claim is one "for breach of contract, breach of implied warranty, negligence, or strict liability." Kemp, 346 S.E.2d at 925.

---

[6] O.C.G.A. § 9-3-33 applies to "actions for injuries to the person" and requires they be brought "within two years after the right of action accrues."

AO 72A
(Rev.8/82)

Indeed, the Georgia legislature has not seen fit to address this anomaly except in the narrow case of the installation of synthetic stucco. See O.C.G.A. § 9-3-30(b) (articulating an exception to the substantial completion rule only for products liability claims based on synthetic stucco); see also Mitchell, 544 S.E.2d at 533–34 (recognizing this 2000 amendment to O.C.G.A.§ 9-3-30). It is telling that the legislature did not amend this section as to any other products liability claims.

Thus, Georgia does not recognize an exception to its substantial completion rule under O.C.G.A. § 9-3-30 for products liability claims such as Plaintiff's. Absent such an exception, Plaintiff's argument would fail.

### 2. Some Damage at Time of Construction

Plaintiff acknowledges the import of Kemp, but seeks to further refine his contentions. Plaintiff argues the substantial completion rule should not apply here where there is no allegation the value of the home decreased at the moment the faulty GFCI receptacle was installed. In contrast, the plaintiffs in Kemp alleged their home was immediately devalued at the moment the faulty windows were installed, because at that moment, there was some damage to the home. Kemp, 346 S.E.2d at 924. Plaintiff's contention is inconsistent with Georgia law, whether or not the law's premise appears reasonable.

AO 72A
(Rev.8/82)

A cause of action accrues at "the time when the plaintiff could first have maintained [his or] her action to a successful result." Travis Pruitt & Assocs., P.C. v. Bowling, 518 S.E.2d 453, 454 (Ga. App. 1999). As the Georgia Court of Appeals further explains, "[A] cause of action could be successfully maintained by the owner of defectively designed property . . . when some damage first occurs." Id.[7] Just as in Kemp, "some damage" first occurred here during the construction of the home, when the faulty GFCI receptacle was installed. The mere "existence of the defect gives rise to immediately ascertainable damages to the owner which can be measured by the resulting decrease in market value of the property or by the cost of repair." Atlanta Gas Light Co. v. City of Atlanta, 287 S.E.2d 229, 232 (Ga. App. 1981) (recognizing this "some damage" concept but finding it inapplicable where "defect is not in the construction of a building or other structure owned by the plaintiff but in the installation of equipment owned and maintained by a public utility for the purpose of providing service to the property").

Plaintiff's claims against Cooper are based on the fact that the GFCI receptacle was defective when sold and installed. See Compl. ¶ 23. Thus, absent some legal

---

[7]     Plaintiff relies on other language from Travis Pruitt & Assocs., 518 S.E.2d at 454 and Colormatch Exteriors, Inc. v. Hickey, 569 S.E.2d 495, 497 (Ga. 2002), suggesting that a cause of action does not accrue until damage is ascertainable. This language refers to an exception to the substantial completion rule involving defects in property not owned by the plaintiffs. It is thus inapplicable here.

AO 72A
(Rev.8/82)

basis for modifying the substantial completion rule, his cause of action for damage to realty would have accrued at the time of this installation, and would be time-barred under O.C.G.A. § 9-3-30.

### 3. The Statute of Repose

Finally, Plaintiff argues that applying the four-year statute of limitations for damage to realty set forth in O.C.G.A. § 9-3-30 to products liability claims such as his, would render the ten-year products liability statute of repose meaningless. This argument has been considered and rejected by Georgia courts. Mitchell, 544 S.E.2d at 535 ("[A] statute of limitation may coexist with a statute of repose, even when no discovery rule is applicable to the statute of limitation."); see also Armstrong v. Royal Lakes Assocs., L.P., 502 S.E.2d 758, 760 (Ga. App. 1998) (holding that O.C.G.A. § 9-3-51(a), a statute of repose for claims arising out of negligent design or construction of improvements to realty, "does not extend the limitation period set forth in O.C.G.A. § 9-3-30."); Hanna v. McWilliams, 446 S.E.2d 741, 744 (Ga. App. 1994) (same).[8]

---

[8] Indeed, the Statute of Repose still plays a role in the event construction of real property is substantially complete many years before its first purchase. See Colormatch Exteriors, Inc., 569 S.E.2d at 498 (discussing how the statute of repose imposes an outside limit where, for example, the defendant-contractor initially sells the property many years after substantial completion).

AO 72A
(Rev.8/82)

## C. __Conclusion__

Plaintiff urges this court to establish an exception to the general rule in Georgia that a cause of action for damage to realty arising out of construction occurs at the time of substantial completion. Georgia courts have rejected Plaintiff's reasoning, and to the extent Plaintiff distinguishes his position, Georgia courts have given no indication that they will do so. It is inappropriate for this federal court to carve a new exception into Georgia law. See Towne Realty, Inc. v. Safeco Ins. Co. of Am., 854 F.2d 1264, 1269 n.5 (11th Cir. 1988) ("[W]hen considering a diversity case under state law, we are bound to decide the case the way it appears the state's highest court would . . . ."); Parker v. Brush Wellman, Inc., 377 F. Supp. 2d 1290 (N.D. Ga. 2005) (stating that it is not up to the federal court to change state law) (citing Cargill, Inc. v. Offshore Logistics, Inc., 615 F.2d 212, 215 (5th Cir.1980)); Philadelphia v. Beretta U.S.A. Corp., 277 F.3d 415, 421 (3d Cir. 2002) ("[I]t is not the role of a federal court to expand state law in ways not foreshadowed by state precedent."); Armstrong, 502 S.E.2d at 759 (noting that, though the result be harsh, "any exception [to the substantial completion rule] for unimproved property . . . must be made by the Supreme Court or the legislature").

AO 72A
(Rev.8/82)

Thus, Plaintiff's claims for damage to realty are time-barred. Defendant Cooper's motion for partial summary judgment as to claims for damage to realty is hereby **GRANTED**.

### III. Third-Party Defendant ALEC's Motion for Partial Summary Judgment

Third-Party Defendant ALEC moves for partial summary judgment against Defendant/Third-Party Plaintiff Weekley Homes. ALEC argues that Plaintiff's claims for damage to realty against Defendant Weekley Homes are time-barred, and thus ALEC cannot be liable for contribution or indemnification to Weekley Homes for damage to realty. This court agrees.

Plaintiff asserts negligent installation and breach of contract claims against Weekley Homes. Compl. Counts I–II, ¶¶ 11–17. Both claims are time-barred for the reasons set forth below. Thus, Weekley Homes's indemnification and contribution action against ALEC for damage to Plaintiff's real property is not viable.

#### A. Negligent Installation Claim

In Georgia, a cause of action for damages to realty alleging negligent installation in its initial construction accrues at the time of substantial completion. Stamschror, 600 S.E.2d 751. O.C.G.A. § 9-3-30 bars such claims brought more than four years from the time the cause of action accrues. Plaintiff filed suit more than four

12

years from the time of substantial completion. Thus, his claim for damages to realty arising out of negligent installation of the GFCI receptacle is time-barred.

## B. **Contract Claim**

In Georgia, a cause of action for breach of a contract has a six-year statute of limitations. O.C.G.A. 9-3-24. This is true even for actions alleging damage to realty. Costrini v. Hansen Architects, P.C., 543 S.E.2d 760 (Ga. App. 2000). This statute of limitations begins to run at the moment of breach, not the time of damage, and the discovery rule is inapplicable. Owen v. Mobley Constr. Co., 320 S.E.2d 255 (Ga. App. 1984). Breach of a construction contract occurs at the time of substantial completion. Bauer v. Weeks, 600 S.E.2d 700 (Ga. App. 2004). Plaintiff filed suit more than six years after construction was substantially complete, and is thus barred from claiming breach of contract against Weekley Homes.

## C. **Conclusion**

Third-Party Defendant ALEC's motion for partial summary judgment as to claims for damage to realty depends on whether Plaintiff has such viable claims against Defendant/Third-Party Plaintiff Weekley Homes. This court finds that, as to claims for damage to realty, Plaintiff's claims against Weekley Homes are time-barred. Thus, Weekley Homes's indemnification and contribution claim against ALEC for damage to realty is also unsustainable.

AO 72A
(Rev.8/82)

## IV. Summary of Rulings

Accordingly, it is hereby **ORDERED**: Defendant Cooper's and Third-Party

Defendant ALEC's motions for partial summary judgment are **GRANTED** as to

Plaintiff's claims and Weekley Homes's Third-Party Plaintiff's indemnification

and contribution claims, arising out of damages to realty.[9]

**IT IS SO ORDERED,** this /8th day of May, 2011.

AMY TOTENBERG
UNITED STATES DISTRICT JUDGE

---

[9] Defendant Cooper and Third-Party Defendant ALEC did not move for summary judgment on claims arising out of damage to personal property. Such claims for damage to personal property are not time-barred under the applicable four-year statute of limitations. O.C.G.A. § 9-3-31. Under this statute, a cause of action for damage to personalty accrues at the moment of the occurrence, not on the date of substantial completion. Stamschror, 600 S.E.2d 751. Plaintiff Wiggins filed suit within four years from the date of the fire.

AO 72A
(Rev.8/82)